IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

| | | |
|---|---|---|
| **CANTRELL E. WATTS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 08-026-RAW-SPS |
| | ) | |
| **JANICE HEDRICK, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's amended complaint [Docket #32], the defendants' motion [Docket #51], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court [Docket #50], in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are Janice Hedrick, OSP Chief Records Officer; Marty Sirmons, OSP Warden; Debbie Morton, DOC Director's Designee; Jim Rabon, DOC Sentence Administrator; and Erik Thomas, OSP Case Manager.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official

Plaintiff claims Defendant Janice Hedrick entered an incorrect release date for him, and the other defendants conspired with Hedrick by refusing to fulfill their duties or by obstructing access to the grievance process. Because of the defendants' actions or their failure to act, plaintiff allegedly has been held beyond the expiration of his sentence.

The defendants have filed a motion to dismiss or for summary judgment, alleging, among other things, a habeas corpus action is plaintiff's exclusive remedy for the incorrect administration of his sentence. Plaintiff has not responded to the motion or to the court's order to show cause why the motion should not be granted [Docket #52].

Plaintiff's amended complaint does not set forth his requested relief. To the extent he is requesting equitable relief in the form of release from confinement, however, a § 1983 cause of action is not the appropriate means for seeking such relief. Rather, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).

To the extent he is seeking compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his

---

capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Because plaintiff has not presented evidence that his sentence has been so invalidated, a claim for damages is not cognizable under § 1983.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #51] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 21st day of July 2009.

*[signature]*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**